IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02053–EWN–MJW

MICHAEL MURPHY,

    Plaintiff,

v.

TXI OPERATIONS, LP,

    Defendant.

*and*

Civil Action No.  05–cv–00969–LTB–OES

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

TXI OPERATIONS, LP, d/b/a TXI–Boulder,

    Defendant.

**ORDER DENYING MOTION TO CONSOLIDATE**

These cases are before the court on "EEOC's Motion to Consolidate" filed May 27, 2005 in case 05–cv–00969 (hereinafter, "the EEOC Case"). Michael Murphy, plaintiff in case 04–cv–02053 (hereinafter "the Murphy Case"), did not file a similar motion. On July 25, 2005,

however, he joined the EEOC in filing a reply in support of the EEOC's motion. Defendant has filed a response opposing the motion, and the matter is ready for determination.

The Murphy Case was filed October 4, 2004. The currently-operative First Amended Complaint alleges four claims: (1) a claim of race discrimination, in violation of 42 U.S.C. § 1981; (2) a claim of retaliation for complaining of race discrimination, in violation of 42 U.S.C. § 1981; (3) A state law claim for breach of covenant of good faith and fair dealing; and (4) A state law claim for intentional infliction of emotional distress and outrageous conduct. Discovery is either done or close to being done. The key scheduling deadline, the date for fling dispositive motions, was June 6, 2005. Defendant did file a motion for summary judgment, and the parties are in the midst of the briefing period, as extended upon plaintiff's motion.

The EEOC case was filed May 27, 2005, and the EEOC filed its motion to consolidate the case with the Murphy Case the same day. The EEOC advances three claims under Title VII of the Civil Rights Act of 1964, as amended: (1) a claim that defendant maintained a racially hostile work environment; (2) a claim of retaliation for complaining of the racially hostile environment; and (3) a claim of wrongful termination based on racial and retaliatory motives. The EEOC makes these claims on behalf of Michael Murphy and "similarly situated individuals." Since the filing of the motion to consolidate, no action has been taken in the EEOC Case.

Invoking rule 42(a) of the Federal Rules of Civil Procedure, the EEOC and Murphy argue that (1) the facts underlying the claims in the Murphy Case are a subset of the facts which the EEOC hopes to prove in its case and (2) failure to consolidate will effectively force Murphy to

split his claims because he has a right to intervene in the EEOC case to assert his Title VII claims there.  Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The moving party has the burden of proving that consolidation is warranted.  *E.g.,Servants of the Paraclete, Inc., v. Great American Insurance Co.*, 866 F. Supp. 1560 (D.N.M. 1994) (*citing* J. Moore *et al.* Moore's Fed.Prac. ¶ 42.04[1], p. 42-6 [1994]).  "In deciding whether to grant a motion to consolidate, the Court should initially determine that the cases to be consolidated 'involv[e] a common question of law or fact.' . . . If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause."  *Id.* at 1572.  (Citations omitted.)

The court is satisfied that the Murphy Case and the EEOC Case involve common questions of fact, but that is not the end of the matter.  The Murphy Case is nearing its conclusion.  Discovery is concluded.  As soon as the currently-pending motion for summary judgment is resolved, the case will be set for trial within thirty to sixty days.  The EEOC Case, in contrast, has barely begun.  The EEOC seeks relief on behalf of similarly situated individuals, although it does not define what it means by "similarly situated."  The EEOC's saccharin assurance that it will seek only "limited additional discovery" in a consolidated case reeks of implausibility.  It is plain that, while the facts underlying Murphy's claims are a subset of the facts to be proven by the EEOC, they are only a small subset.  A new dispositive motion

deadline would need to be set, and defendant would need to file a new motion for summary judgment. In short, consolidation would introduce unwarranted complications and delay into the Murphy case. The complications and delay outweigh any judicial economy which would be achieved were a single judge to consider the facts underlying the Murphy claims.

The EEOC and Murphy resist this conclusion by arguing that denial of the motion would require Murphy to litigate his facts twice, once in the Murphy Case to prove his section 1981 claims, and then by intervention in the EEOC Case to prove his Title VII claims. This dilemma, however, is largely the creation of the EEOC and Murphy. It is apparent that the EEOC's failure to issue a Right to Sue letter has prevented Murphy from pursuing his Title VII claims in the Murphy Case. If the EEOC is seriously concerned about the inconvenience to Murphy, it can issue the letter. Even if Murphy amended his complaint in the Murphy Case to include the newly-ripened Title VII claims, the court is confident that the underlying facts would have been the subject of discovery in the Murphy Case and that the only adverse consequence of an the amendment would be to require supplementary summary judgment briefing.

For the reasons stated, it is

**ORDERED** that the motion to consolidate (#2 in case no 05–cv–00969–LTB–OES) be DENIED.

Dated this 28th day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge